**FILED**
**DECEMBER 11, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35479-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTONIO EMANUEL COOK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Antonio Cook asks this court to remand his prosecution to the trial court to conduct a hearing pursuant to RCW 9.94A.777 to determine whether he suffers a mental health condition such that court costs should be denied. We decline this request, but vacate the imposition of court costs nonetheless based on Laws of 2018, chapter 269, § 17(2)(h) and *State v. Ramirez*, ___ Wn.2d ___, 426 P.3d 714 (2018).

FACTS

We do not recite the underlying facts behind this prosecution for attempted robbery and assault. This appeal only concerns matters related to Antonio Cook's sentencing.

PROCEDURE

The State of Washington initially charged Antonio Cook with attempted first degree robbery and three counts of second degree assault. The State alleged Cook was

armed with a deadly weapon for each of the charges.  The State later dismissed one of the assault charges.

During trial, Antonio Cook heatedly spoke on occasion.  As a result, the trial court twice held Cook in contempt.  After the second order of contempt, Cook exclaimed, as security escorted him from the courtroom, "f—k you" to the court "and f—k you, too" to an unidentified person in the courtroom.  Report of Proceedings at 227.  On one day, Cook appeared for trial dressed in a tie and jail jumpsuit.

Antonio Cook's defense counsel moved, during mid-trial, for a competency evaluation of Cook.  Counsel commented that he had worked in the civil commitment department of the public defender's office for five years, during which time he represented patients at Eastern State Hospital, and he conducted one hundred felony trials on behalf of the accused.  Counsel further remarked that a trial court had never before held one of his clients twice in contempt for outbursts in court.  Counsel added that Cook took the antipsychotic medications Xprexa and Prozac.  The trial court recognized that Cook likely suffered from mental health problems, but the court denied the request for a competency evaluation.

The jury acquitted Cook on the attempted first degree robbery charge.  The jury could not reach verdicts on the two second degree assault charges and instead convicted Cook of two lesser included charges of fourth degree assault.  The jury also returned special verdicts finding that Cook was not armed with a deadly weapon during any of the

2

charged incidents.

The trial court sentenced Antonio Cook to nine months' imprisonment with credit for time served on the first count of fourth degree assault. The court issued a suspended sentence of 364 days' imprisonment on the second count of fourth degree assault. The court imposed $700 in legal financial obligations, which included a $500 victim assessment fee and $200 in court costs. Cook registered no objection, during sentencing, to the imposition of the financial obligations. The trial court underwent no inquiry into Cook's financial condition. The trial court also ordered Cook to undergo a mental health evaluation and comply with all treatment recommendations.

LAW AND ANALYSIS

On appeal, Antonio Cook asks us to reverse and remand for a hearing to determine if he can afford the imposition of judgment against him for $200 in court costs. He contends that the trial court failed, despite his mental health condition, to determine, under RCW 9.94A.777(1), whether he could afford to pay the costs. In the alternative, he maintains that his trial counsel performed ineffectively by failing to raise RCW 9.94A.777(1) as a bar to imposition of the $200. Cook does not challenge the imposition of the $500 victim assessment penalty.

RCW 9.94A.777 provides:

(1) Before imposing any legal financial obligations upon a defendant who suffers from a mental health condition, other than restitution or the victim penalty assessment under RCW 7.68.035, a judge must first determine that the defendant, under the terms of this section, has the means to pay such additional sums.

(2) For the purposes of this section, a defendant suffers from a mental health condition when the defendant has been diagnosed with a mental disorder that prevents the defendant from participating in gainful employment, as evidenced by a determination of mental disability as the basis for the defendant's enrollment in a public assistance program, a record of involuntary hospitalization, or by competent expert evaluation.

We lack information sufficient to hold that the trial court should have denied $200 in court costs because of Antonio Cook's suffering of a mental health condition. Defense counsel mentioned that Cook took antipsychotic drugs, and we know that Cook engaged in at least two emotional outbursts during trial. Nevertheless, we lack information as to any diagnosis of a mental health condition. More importantly, we lack information about the employability of Cook. We know he receives food stamps, but do not know if he enrolled in the public assistance program because of a mental health condition. We do not know if Cook underwent involuntary hospitalization. We have no expert evaluation in the appellate record.

We nonetheless, based on the Washington Supreme Court's recent decision in *State v. Ramirez*, ___ Wn.2d ___, 426 P.3d 714 (2018), reverse the imposition of the $200 court costs. The trial court understandably did not conduct an inquiry, during sentencing, into the financial circumstances of Antonio Cook because the State only

4

sought those costs deemed mandatory at the time. The Washington State Legislature has since passed House Bill 1783, Laws of 2018, chapter 269, which prohibits courts from imposing the $200 filing fee on indigent defendants. LAWS OF 2018, ch. 269, § 17(2)(h). In *State v. Ramirez*, the Supreme Court held the statute to apply prospectively to cases pending on appeal. The record shows Antonio Cook to be an indigent defendant.

Antonio Cook did not expressly seek reversal of the court costs based on the 2018 statute and *State v. Ramirez*. We nonetheless apply the statute and case because Cook seeks vacation of those costs on other grounds, and thus his assignment of error relates to the relief we grant.

## CONCLUSION

We remand to the trial court for the vacation of the $200 court costs imposed on Antonio Cook.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

5